tion on the basis of the results of the blood grouping test without conducting a trial. Family Court Act § 531 provides for a trial by the court in a paternity proceeding. Family Court Act § 532 provides that the results of a blood grouping test may be received in evidence. There is no provision for the dismissal of a paternity proceeding based on the results of a blood grouping test until after the results are received into evidence at a trial. Thus, the matter should proceed to trial so that petitioner can present his evidence, including any evidence relating to estoppel. (Appeal from Order of Monroe County Family Court, Sciolino, J.—Paternity.) Present—Pine, J. P., Balio, Lawton, Boomer and Davis, JJ.

■ NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, v MARIJEAN NICHOLS, Respondent. (Appeal No. 1.) [596 NYS2d 744] —Appeal unanimously dismissed without costs *(see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Erie County, Francis, J.—Arbitration.) Present—Pine, J. P., Balio, Lawton, Boomer and Davis, JJ.

■ NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, v MARIJEAN NICHOLS, Respondent. (Appeal No. 2.) [596 NYS2d 621] —Order unanimously affirmed without costs. Memorandum: We reject petitioner's argument that the arbitration was compulsory and, therefore, subject to the broad judicial review available in CPLR article 78 proceedings *(compare, Motor Vehicle Mfrs. Assn. v State of New York,* 75 NY2d 175, 186; *Caso v Coffey,* 41 NY2d 153; *Mount St. Mary's Hosp. v Catherwood,* 26 NY2d 493, 508, *rearg denied* 27 NY2d 737). The parties' insurance contract included a provision for arbitration where there is a dispute "[w]hether that person is legally entitled to recover damages under this Part C [uninsured motorists coverage]". Therefore, petitioner must be deemed to have voluntarily consented to the arbitration and the CPLR article 75 standard of judicial review applies *(see, Murphy v Wack,* 177 AD2d 382, 383, *appeal dismissed* 79 NY2d 977). Thus, here, the arbitrator's "award may not be vacated unless it is violative of a strong public policy, is totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" *(Matter of Town of Callicoon [Civil Serv. Empls. Assn.],* 70 NY2d 907, 909; *see also,* CPLR 7511 [b] [1] [iii]; *Matter of Silverman [Benmor*